**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

GREENPOINT LAW COMMITTEE, CORP.,
AND MARZEC LAW FIRM, PC,

                         Plaintiffs,

                                                    Case No. 14-cv-6591

         v.

CONTINENTAL CASUALTY COMPANY
D/B/A CNA INSURANCE D/B/A CNA
INSURANCE AGENCY,


                         Defendant.

-----------------------------------------------------------------X

## NOTICE OF REMOVAL

Defendant Continental Casualty Company ("Continental"), by its attorneys and pursuant

to 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule 81.1, hereby removes to this Court the

action commenced by Plaintiffs Greenpoint Law Committee, Corp. ("Greenpoint") and Marzec

Law Firm, PC (the "Firm") (together, "Plaintiffs") in the Supreme Court of the State of New

York for Kings County, Index No. 13216/2014.  This action is subject to the original jurisdiction

of this Court under 28 U.S.C. § 1332(a)(1), and is thus a proper subject of removal pursuant to

28 U.S.C. § 1441(a).  As grounds for the removal of this action, Continental states as follows:

## PROCEDURAL BACKGROUND

1.       On September 11, 2014, Greenpoint filed a "Summons with Notice" in the

Supreme Court of the State of New York for Kings County.  A true and correct copy of the

Summons with Notice is attached as Exhibit A.

2.      The "Summons" identified Greenpoint as a "New York Non-for-Profit Corporation" but did not otherwise list an address for Greenpoint.

3.      The three-paragraph "Notice" that accompanied the Summons stated in general, conclusory terms that Greenpoint seeks relief in connection with a "liability policy," but did not specifically identify the name of the policyholder to whom the policy was issued.  Nor did the "Notice" include any other pertinent information regarding the policy (*e.g.*, the policy number, the limits of liability, etc.), or the suit for which coverage was being sought.  The three-paragraph "Notice" also did not include a specific monetary demand.

4.      The Firm is not listed as a plaintiff in the caption for either the "Summons" or "Notice."  Rather, the Firm – and specifically, Severyn Rebisz, Esq. – is listed in the documents solely as counsel for Greenpoint.

5.      On September 25, 2014, Continental demanded that Greenpoint serve a complaint within twenty (20) days pursuant to N.Y. CPLR 3012.

6.      On October 20, 2014 – twenty-five (25) days later – Darius A. Marzec, Esq., emailed a "Verified Complaint" and an "Amended Summons with Notice," both of which include a caption identifying the Firm as an additional named Plaintiff in this action.  A true and correct copy of the Verified Complaint and Amended Summons with Notice is attached as Exhibit B.

7.      The Verified Complaint explains, for the first time, that this action is being brought against Continental by *both* the Firm and Greenpoint, as the Firm's assignee, in connection with certain lawyers professional liability policies issued by Continental to the Firm. *See generally* Exhibit B.[1]

---

[1] On July 15, 2014 – nearly two months before the "Summons and Notice" was filed in the instant action – Continental filed a complaint against the Firm and Darius A. Marzec in the lawsuit styled *Continental Casualty Co.*

## REMOVAL IS TIMELY

8.      The Verified Complaint in this action constitutes "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" within the meaning of 28 U.S.C. § 1446(b) because it is the first document from which Continental could ascertain whether this action was removal based on diversity jurisdiction under 28 U.S.C. § 1332. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36-37 (2d Cir. 2010).

9.      Because the Verified Complaint was received by Continental on October 20, 2014, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

*v. Marzec Law Firm, P.C., et al.*, Case No. 14-cv-5294-KBF (S.D.N.Y.) (the "First-Filed Coverage Action"). *See* Exhibit C, Declaration of Brynne Weber ("Weber Declaration"), ¶ 15.

On July 28, 2014, and pursuant to Fed. R. Civ. P. 4(d), Continental sent waiver of service requests to the Firm and Mr. Marzec via U.S. certified mail to a Manhattan address that (1) is listed on the Firm's web site; (2) is listed as the Firm's address on the declarations page of the insurance policies issued by Continental to the Firm that are the subject of the First-Filed Coverage Action and the instant lawsuit; (3) is listed on the letterhead on a series of communications sent by or on behalf of the Firm to Continental; and (4) is listed on the web site for the New York Department of State's Division of Corporations as the address for the "Principal Executive Office" of the Firm. *See* Exhibit C, Weber Declaration, ¶ 8. That waiver of served was received by the Firm on July 31, 2014, as confirmed by a certified mail receipt issued by the United States Postal Service. *See* First-Filed Coverage Action Docket, Entry Nos. 8 & 8-1.

Although the Firm and Mr. Marzec unquestionably had received notice of the First-Filed Coverage Action, they failed to respond to the waiver of service requests within the 30-day timeframe for returning waivers under Fed. R. Civ. P. 4(d)(1)(F) and failed to appear in the First-Filed Coverage Action within the 60-day timeframe to answer a complaint established by Fed. R. Civ. P. 4(d)(3).  Continental also did not receive any response from Mr. Marzec to multiple phone calls and multiple emails in connection with the First-Filed Coverage Action, which were sent to dmarzec@MarzecLaw.com – the very same email address from which Mr. Marzec sent the Verified Complaint to Continental in this action.  Continental then hired a professional process server, who was unsuccessful in serving Mr. Marzec either at (1) the Manhattan address referenced above; or (2) a second Manhattan address that is listed on the Division of Corporations' web site as the address for Mr. Marzec, the "Chief Executive Officer" of the Firm.

Based on Continental's recitation of this history and its process server's affidavit of due diligence, Judge Katherine Forrest of the United States District Court for the Southern District of New York recently authorized "alternative" service of process on Mr. Marzec in connection with the First-Filed Coverage Action. *See* First-Filed Coverage Action Docket, Entry No. 12.  On October 30, 2014, Mr. Marzec filed a motion to dismiss the First-Filed Coverage Action on behalf of himself and the Firm on various grounds, including based on the pendency of this lawsuit. *See* First-Filed Coverage Action Docket, Entry Nos. 15-18.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

10.     There was complete diversity of citizenship between the parties at the time this action was commenced, in that they were (and continue to be) citizens of different States and, as required by 28 U.S.C. § 1441(b)(2), defendant Continental was not (and is not) a citizen of the State of New York, wherein this action was brought.

11.     Defendant Continental is a corporation organized and existing under the laws of the State of Illinois.  *See* Exhibit C, Declaration of Brynne Weber ("Weber Declaration") ¶ 3. Continental also maintains its principal place of business in Chicago, Illinois, where (a) the corporation is headquartered; (b) the corporation's principal corporate officers maintain their offices; and (c) the corporation's principal officers make key business decisions.  *Id.* ¶¶ 4-5; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010) (establishing that a corporation's principal place of business is its "nerve center," which is typically the corporation's headquarters); *Md. Cas. Co. v. Continental Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) (recognizing that "Continental's principal place of business" is "in Illinois").  Pursuant to 28 U.S.C. § 1332(c)(1), Continental therefore is a citizen of the State of Illinois.

12.     As alleged in the Verified Complaint in this action, the Firm is a professional corporation organized and existing under the laws of the State of New York.  Based on public records and the Firm's representations to Continental in connection with obtaining insurance policies and seeking coverage for claims, the Firm maintains its principal place of business in New York, New York.  Exhibit C, Weber Declaration ¶ 8.  Pursuant to 28 U.S.C. § 1332(c)(1), the Firm therefore is a citizen of New York.

13.     As alleged in the Verified Complaint in this action, Greenpoint is a non-profit corporation organized and existing under the laws of the State of New York.  Based on the

Manhattan address alleged in the Verified Complaint, Greenpoint maintains its principal place of business in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Greenpoint therefore is a citizen of New York.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

14.     This is a civil action in which the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

15.     This action concerns Plaintiffs' causes of action and claims for relief in connection with a series of lawyers' professional liability policies issued to the Firm by Continental and certain requests for coverage made under those policies.

16.     Plaintiffs assert causes of action for declaratory judgment; breach of contract; defamation; unjust enrichment; prima facie tort; and breach of the covenant of good faith and fair dealing.

17.     Plaintiffs purport to seek "a money judgment in actual, compensatory and expectation damages in the amount of $70,000, as well as attorneys' fees and costs."

18.     Plaintiffs also purport to seek a declaratory judgment determining, among other things, (1) that Continental owes a duty to defend and indemnify to the Firm and/or Mr. Marzec in connection with an underlying civil action and a separate sealed proceeding, both of which were brought by Christopher Kosachuk and his company, NLG, LLC (together, the "Underlying Matters"); and (2) that Continental has no valid "rights of rescission" in connection with the subject lawyers professional liability insurance policies.

19.     It is well-established that, "[w]here the relief sought is declaratory, the amount in controversy is measured by the value of the object of the litigation." *Citak & Citak v. The St. Paul Travelers Cos., Inc.*, No. 07 CIV. 5459(WHP), 2007 WL 4592328, at *2 (S.D.N.Y. Dec.

5

27, 2007) (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

The value is measured from the perspective of the plaintiff and is "the monetary value of the

benefit that would flow to the plaintiff if . . . declaratory relief were granted." *Am. Standard, Inc.*

*v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007).

20.     The Firm and Mr. Marzec have sought coverage for the Underlying Matters under

Lawyers Professional Liability Policy No. 287118941, which Continental issued to the Firm for

the policy period of March 30, 2012 to March 30, 2013 (the "2012-2013 Policy"). *See* Exhibit

C, Weber Declaration ¶¶ 6, 9.[2]  The 2012-2013 Policy has a $1 million per claim and aggregate

limit of liability. *Id.* ¶ 6.

21.     Contrary to the allegations in the Verified Complaint, Continental has provided

the Firm and Mr. Marzec with a defense in the Underlying Matters pursuant to the 2012-2013

Policy since the Underlying Matters were tendered to Continental in November 2013. *See*

Exhibit C, Weber Declaration ¶¶ 9-13.   Since that time, Continental has expended

approximately $180,000.00 in fees and costs incurred in connection with the Underlying Matters.

*Id.* ¶ 13.  Continental reasonably anticipates that future fees and cost in connection with the

Underlying Matters are likely to exceed $120,000.00.  *Id.*

22.     With respect to potential indemnity exposure, the claimants in the Underlying

Matters have made several settlement demands in excess of $75,000 in connection with the

sealed proceeding, both before and after the filing of this action. *See* Exhibit C, Weber

Declaration ¶ 14.

---

[2]Where – as here – the pleadings are inconclusive as to whether the requirements of 28 U.S.C. § 1332 are met, the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

23.     Continental also issued Lawyers Professional Liability Policy No. 287118941 to the Firm for the policy period of March 30, 2013 to March 30, 2014 (the "2013-2014 Policy"). Exhibit C, Weber Declaration ¶ 7.  Continental cancelled the 2013-2014 Policy for non-payment of premium, effective June 22, 2013.  *Id.*  Continental later reinstated the Firm's Lawyers Professional Liability coverage, effective from June 22, 2013, the date of cancellation, to March 30, 2014, the expiration of the original policy period for the 2013-2014 Policy (the "Reinstated 2013-2014 Policy").  *Id.*  The Reinstated 2013-2014 Policy has a $1 million per claim and aggregate limit of liability.  *Id.*  In the lawsuit styled *Continental Casualty Co. v. Marzec Law Firm, P.C., et al.*, Case No. 14-cv-5294-KBF (S.D.N.Y.), Continental is currently seeking judicial confirmation of its right to rescind the Reinstated 2013-2014 Policy because of material misrepresentation made by the Firm in seeking reinstatement of its coverage.  *Id.* ¶ 15.

24.     Thus, as measured from the perspective of the Firm and Greenpoint, the monetary value of the benefits that would flow to them if they obtain their requested declaratory relief in this action – namely, a declaration that Continental owes a duty to defend and indemnify the Firm and/or Mr. Marzec in connection with the Underlying Matters pursuant to the 2012-2013 Policy and a declaration that Continental has no valid rescission rights in connection with the Reinstated 2013-2014 Policy – is far in excess of $75,000.  *See Nat'l Gen. Assur. Co. v. Cimino*, No. 14-CV-6230-FPG, 2014 WL 4275708, at *1 (W.D.N.Y. Aug. 28, 2014) ("In declaratory judgment cases involving 'the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim[.]");  *Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 187 (D. Conn. 2014) (in a declaratory judgment action seeking "to determine the validity of an insurance policy," the amount in controversy is the policy limit).

25.     Accordingly, the amount in controversy in this matter satisfies the requirements of 28 U.S.C. § 1332(a)(1).

## ALL OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

26.     In accordance with 28 U.S.C. § 1446(a), and as set forth above, true and correct copies of all process, pleadings, and orders served upon Continental in this action are attached hereto as Exhibits A and B.

27.     Plaintiff filed this action in the Supreme Court of New York for Kings County. Therefore, venue in this Court is proper, as contemplated by 28 U.S.C. § 1446(a), because the State Court in which the action is pending is within the District and Division in which this Court sits.

28.     This Notice of Removal is timely filed within thirty (30) days of October 20, 2014, the date on Continental received a copy of Plaintiffs' Verified Complaint, which constitutes "the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

29.     In accordance with 28 U.S.C. § 1446(d), written notice regarding the filing of this Notice of Removal, and a copy thereof, will be promptly provided to counsel for Plaintiffs, and a copy of this Notice will be promptly filed with the Clerk of the Supreme Court of the State of New York for Kings County.

30.     In filing this Notice of Removal, Continental expressly reserves and does not waive, any and all defenses to Plaintiffs' Verified Complaint that are available to Continental under Fed. R. Civ. P. 12, the subject insurance policies, applicable law and/or equity.

WHEREFORE, Continental respectfully prays that this action be removed from the Supreme Court of the State of New York for Kings County to this Court, and that this Court issue such orders and process as may be necessary to preserve its jurisdiction over this matter.

Respectfully submitted,

DATED**:** November 7, 2014

OF COUNSEL:
Benjamin C. Eggert
(beggert@wileyrein.com)
Ashley E. Eiler
(aeiler@wileyrein.com)
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)

/s/ Todd A. Bromberg
Todd A. Bromberg
(tbromberg@wileyrein.com)
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)

William P. Lalor
(William.Lalor@cna.com)
ELENIUS FROST & WLASH
125 Broad Street, 7th Floor
New York, New York  10004
(212) 440-2516 (phone)
(212) 440-2749 (fax)

*ATTORNEYS FOR DEFENDANT*
*CONTINENTAL CASUALTY COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November 2014, I served true and correct copies of

the foregoing Notice Of Removal *via* first-class U.S. mail, postage prepaid, upon the following:

Darius A. Marzec, Esq.
776A Manhattan Avenue
Brooklyn, NY  11222
Dmarzec@marzeclaw.com

*Attorneys for Plaintiffs Greenpoint Law Committee, Corp., and Marzec
Law Firm, PC*


/s/ Todd A. Bromberg
Todd A. Bromberg
WILEY REIN LLP