# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
GREENPOINT LAW COMMITTEE, CORP.,
A NEW YORK NON-FOR-PROFIT CORPORATION,
AND MARZEC LAW FIRM, PC,

                       Plaintiffs,

Index No.:13216/2014

VERIFIED COMPLAINT

     -against-

CONTINENTAL CASUALTY COMPANY
D/B/A CNA INSURANCE D/B/A CNA INSURANCE
AGENCY,

                       Defendant.
----------------------------------------------------------------X

       Plaintiffs Greenpoint Law Committee, Corp. and Marzec Law Firm, PC, say by way of Complaint:

1.    Greenpoint Law Committee, Corp. ("the Committee") is a New York State Non-For-Profit Corporation with the address of 225 Broadway, New York, New York.

2.    Marzec Law Firm, P.C. ("Law Firm") is a New York State professional corporation with the address of 776A Manhattan Avenue, Ste 104, Brooklyn, New York.

3.    Continental Casualty Company D/B/A CNA Insurance D/B/A CNA Insurance Agency (collectively "CNA" or "Continental"), does business in New York State with the address of 125 Broad Street, 7th Floor, New York, New York 10004.

## BACKGROUND FACTS

4.    The Law Firm was incorporated on or about March 2008.

5.    The Law Firm started doing business on or about April 1, 2008.

6.    The business of the Law Firm was, and continues to be, arms length legal representation of clients in need of legal services.

7. In furtherance of its business purpose, the Law Firm secured professional errors and omissions policy on or about March 30, 2008.

8. Since March 30, 2008, the policy had been generally routinely renewed every year until and including 2013/2014 policy period (collectively "the Policy").

9. The Defendant insured "Marzec Law Firm, PC" per the Policy.

10. On or about late 2011, the Law Firm took up representation of 9197-5904 Quebec, Inc. ("Quebec") in filing a 2007 New York County money judgment against Christopher Kosachuk ("Kosachuk") in Chester County, Pennsylvania.

11. Filing of the judgment involved taking an exemplified copy of the judgment provided by the client, filing a one page affidavit of judgment creditor along with it, and mailing it to Kosachuk.

12. This was done while representing the client.

13. Thereafter, Kosachuk and NLG moved to vacate the filing.

14. At some point after filing the motion, it was revealed that Kosachuk's company, NLG, LLC ("NLG"), still part of the caption as an original defendant but not a judgment debtor in the case, had a judgment docketed by the clerk- erroneously so.

15. Thereafter, representing the judgment-creditor Quebec, the Law Firm filed another matter arising of the judgment that has since been sealed ("sealed matter").

16. Arising out of representation of Quebec in both matters, the Law Firm and Darius A. Marzec had been named in a civil law suit filed by NLG and in the sealed matter, in a filing done by Kosachuk.

17. In his filings, Kosachuk (and as acting as NLG) made wild, and frankly crazy allegations of conspiracy against him, claiming that the Law Firm and Darius A. Marzec were against him, along numerous other individuals and attorneys.

18. Mr. Kosachuk had been previously called a thief, a liar and a "psychopath" in open court.

19. The matters had been duly reported as a claim on or about November 7, 2013.

20. Defendant thereafter provided defense in the case.

21. The claim was duly acknowledged by Brynne Fall Weber, employee of Defendant.

22. Ms. Weber conducted her investigation of the matter between November 8, 2013 and November 19, 2013.

23. Defendant had not disclaimed coverage as of November 19, 2013.

24. After more than a month after the claim was filed, Defendant's counsel Wiley Rein, LLP unexpectedly and shockingly forwarded a letter dated December 11, 2014, disclaiming coverage.

25. It its letter, Defendant's attorneys' claimed that despite the claims arising out of routine representation of client, the policy did not provide coverage.

26. Defendant's counsel based its declination of coverage on:
   a. Including the use of plural "defendants" when referring to the judgment debtor Kosachuk in the affidavit supporting the filing of the New York County judgment against him despite that it had never been the Law Firm's position or intent to file a proceeding against NLG;
   b. Use of words in a court opinion from Chester County, Pennsylvania, twisted around by the Defendant's attorneys to make it appear that the Court found that the Law

        Firm had "mislead" the court, when in fact the opinion of the court does not state that Marzec mislead anyone;

    c. With respect to the sealed matter, coverage had been disclaimed because "Continental understands that the presiding judge has already concluded that . . . you acted in bad faith"[1], an untrue statement;

    d. On or about July 2013, there was a brief lapse of coverage after a lapse in payment to Defendant[2];

    e. The claims were excluded as "intentional acts" that include dishonest, fraudulent, criminal, malicious, or intentional wrongdoing[3].

27. All the above stated basis for disclaiming had been strongly disputed by the Law Firm.

28. Defendant initially defended the claim.

29. Defendant thereafter did not intend to defend the claim.

30. Defendant resumed the defense.

31. Defendant does not want to indemnify the Law Firm in the claims.

32. In the process of disclaiming, Defendant had circulated letters to various parties and counsel concerning its coverage position.

33. In those letters, Defendant had stated that the Law Firm had "mislead the court".

34. The Law Firm's acts were also called "intentional acts" that according to Defendant, include dishonest, fraudulent, criminal, malicious, or intentional wrongdoing.

35. While no order or judgment exists containing these findings, Defendant misrepresented the acts of the Law Firm.

---

[1] As of this date no final hearing had taken place on any matter and no such determination had been made.
[2] The matter was resolved after a broker asked for the payment to be made and a letter showing that there had been no claims of malpractice made during the period of lapse in coverage. The letter was dictated verbatim by the broker.
[3] No such finding had been made.

36. The representations concerning the Law Firm in such regard, were and continue to be untrue.

37. The representations made by Defendant claim facts that do not exist.

38. The statements made by Defendant were impertinent.

39. Defendant has made an effort to free it from its policy obligations.

40. The Law Firm has been cast in a defensive posture by the disclaimer of Defendant.

41. Any notices by the Defendant failed in specificity and did not contain required provisions.

42. Defendant's notices were untimely.

43. Defendant's notices are a nullity.

44. Defendant has a duty to defend the Law Firm.

45. Defendant has a duty to possibly indemnify the Law Firm.

46. Marzec Law Firm, PC is included herein as a necessary party and person in interest.

47. Defendant remains liable for defending and possibly indemnifying the Law Firm.

48. Defendant has waived any asserted right to disclaim coverage under the Policy.

49. Defendant has waived any asserted right to fail to defend or possibly indemnify under the Policy.

50. Defendant has not acted in good faith.

51. Defendant has engaged in unfair claim settlement practice.

52. The Law Firm assigned all the financial benefits and damages under this claim to the non-profit Greenpoint Law Committee, Corp. in furtherance of its charitable mission.

## FOR THE FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT

53. Plaintiffs repeat and reallege all prior allegations herein.

54. Plaintiffs demand judgment regarding the professional liability policy's cancellation, reinstatement, any rights of rescission, coverage, claims, reporting of claims, representations of the insured, conditions precedent, exclusions from coverage, cancellation, and improper coverage decisions of Defendant.

55. Defendants improperly disclaimed coverage on all matters.

56. A declaration is sought that Defendant has an obligation to defend and possibly indemnify the Law Firm.

## FOR THE SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

57. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

58. Between 2008 and 2013, Defendant maintained an attorneys' errors and omissions coverage policy ("the Policy") for the Law Firm.

59. The policy was supported by proper consideration.

60. Over the seven years that the policy has been in place, and upon each annual renewal, the Law Firm has complied with its obligations.

61. Defendant has intentionally breached its obligation under the policy by its stated intent to provide no coverage for claims made by the Law Firm and to pay to defend and possibly to indemnify the Law Firm.

62. Plaintiffs have been damaged by Defendant's breach.

63. Accordingly, Defendant is liable for breach of its obligation under the policy.

## FOR THE THIRD CAUSE OF ACTION

### DEFAMATION

64. As per this complaint, Defendant made statements to various parties relating to the Law Firm's alleged conduct, as per the correspondence, that twisted around the words of a judicial opinion to make it appear that the Court found that the Law Firm had "mislead" the court, when in fact the opinion of the court does not specifically state that this.

65. With respect to the sealed matter, coverage had been disclaimed because "Continental understands that the presiding judge has already concluded that . . . you acted in bad faith".

66. Defendant claimed that coverage did not apply because the acts subject to the claim were "intentional acts" that include dishonest, fraudulent, criminal, malicious, or intentional wrongdoing.

67. Defendant had stated that the Law Firm had "mislead the court".

68. These statements were false and injurious statements of fact about the Marzec Law Firm, PC.

69. The statements were made with malice aforethought.

70. Plaintiffs suffered special pecuniary damages stemming from the statements.

## FOR THE FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

71. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

72. The Law Firm had made payments to Defendant while the policy had been in effect.

73. Thereafter, Defendant wrongly disclaimed coverage.

74. Defendant has been unjustly enriched by the Law Firm's payments toward the policy premium.

75. It is against equity and fairness for Defendant to retain the premiums paid by the Law Firm and disclaim coverage at the same time.

## FOR THE FIFTH CAUSE OF ACTION

### PRIMA FACIE TORT

76. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

77. Defendant acted with malicious intent to harm the Law Firm when it engaged in the acts described in this complaint.

78. Defendant engaged in the aforementioned acts without an excuse or justification.

79. Defendant engaged in the aforementioned acts for the purpose of destroying the Law Firm's reputation, moral resolve and to cause it harm.

80. Defendant had no pecuniary, privileged, or otherwise legally recognized justifications for acting maliciously toward Plaintiff.

## FOR THE SIXTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

81. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

82. Defendants were bound by the covenant of good faith and fair dealing while dealing with the Law Firm.

83. Defendants have failed to deal with the Law Firm fairly or in good faith, thus breaching the covenant.

**WHEREFORE**, the aforementioned acts committed by Defendant caused the Plaintiff damages in an amount to be determined at trial. Specifically, Plaintiffs demand a judgment regarding the Policy's cancelation, reinstatement, any rights of rescission, coverage, claim, reporting of claims, representations of the insured, conditions precedent, exclusions from coverage, cancelation, improper coverage decisions of Defendant, Defendant's disclaiming under the policy, and its obligations to defend and possibly indemnify the Law Firm. In addition to declaratory judgment, Plaintiffs demand a money judgment in actual, compensatory and expectation damages in the amount of $70,000.00, as well as attorneys' fees and costs.

Queens, New York
Dated: October 17, 2014

                                              MARZEC LAW FIRM, PC

                                              By: _____
                                                  Darius A. Marzec, Esq.
                                                  Attorneys for Plaintiffs
                                                  776A Manhattan Avenue
                                                  Brooklyn, New York, 11222
                                                  (718) 609-0303

## Verification

I, the undersigned, an attorney admitted to practice in the courts of New York State, affirm under penalty of perjury that I am one of the attorneys for Plaintiffs in the within action; I verify that I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Queens, New York
       October 17, 2014

_____
DARIUS A. MARZEC, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 13216/2014

GREENPOINT LAW COMMITTEE, CORP.,
A NEW YORK NON-FOR-PROFIT CORPORATION,
MARZEC LAW FIRM, PROFESSIONAL
CORPORATION,

                              Plaintiffs,

   -against-

CONTINENTAL CASUALTY COMPANY
D/B/A CNA INSURANCE D/B/A CNA INSURANCE
AGENCY,

                              Defendant.

## VERIFIED COMPLAINT

**ATTORNEYS FOR PLAINTIFF**
**Marzec Law Firm, P.C.**
**225 Broadway, Suite 3000**
**New York, NY 10007**
**212-267-0200**

## CERTIFICATION

Pursuant to Section 130-1.1, the following documents are hereby certified:

                                        **MARZEC LAW FIRM, PC**

                              By: _____
                                 Darius A. Marzec, Esq.
                                 Attorneys for Plaintiffs
                                 776A Manhattan Avenue
                                 Brooklyn, New York, 11222
                                 (718) 609-0303

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
GREENPOINT LAW COMMITTEE, CORP.,
A NEW YORK NON-FOR-PROFIT CORPORATION,
AND MARZEC LAW FIRM, PC,

                           Plaintiffs,

      -against-

CONTINENTAL CASUALTY COMPANY
D/B/A CNA INSURANCE D/B/A CNA INSURANCE
AGENCY,

                           Defendant.
-----------------------------------------------------------------X

Index No.:13216/2014

Plaintiff designates Kings County as Place of Trial.

The basis of venue is defendant's place /area of business.

**AMENDED SUMMONS WITH NOTICE**

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Defendant's address:

CONTINENTAL CASUALTY COMPANY D/B/A
CNA INSURANCE D/B/A CNA INSURANCE AGENCY
125 Broad Street
New York, NY 10004

Dated: October 17, 2014
      New York, New York

                                             **MARZEC LAW FIRM, P.C.**

                                             By: _____
                                                 Darius A. Marzec, Esq.
                                                 Attorneys for Plaintiffs
                                                 776A Manhattan Avenue
                                                 Brooklyn, New York, 11222
                                                 (718) 609-0303

Notice:

The nature of this action is:
Plaintiff brings this action seeking declaratory judgment regarding a liability policy cancellation, reinstatement, rights of rescission, coverage, claims, reporting of claims, representations of the insured, conditions precedent, exclusions from coverage, cancellation, and improper coverage decisions of Defendant. Defendant is also liable for breach of contract, tortious breach of the covenant of good faith and fair dealing, unfair claim settlement practice, fraud, prima facie tort, unfair and deceptive trade practices, breach of fiduciary duties, intentional infliction of emotional distress, conversion, failure to indemnify, and unjust enrichment.   Plaintiff's also brings this action for libel and slander.

The relief sought is:
Declaratory Judgment concerning the policy, coverage, cancellation, reinstatement, rights of recession, coverage, claims, exclusion of claims (and all other facts and law relating to the policy).  Plaintiff seeks monetary, compensatory damages, punitive damages, injunctive relief, and for specific performance.

Plaintiff demands trial by jury of all claims herein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                                                                 Index No.: 13216/2014

GREENPOINT LAW COMMITTEE, CORP.,
A NEW YORK NON-FOR-PROFIT CORPORATION,
MARZEC LAW FIRM, PROFESSIONAL
CORPORATION,

                                        Plaintiffs,

   -against-

CONTINENTAL CASUALTY COMPANY
D/B/A CNA INSURANCE D/B/A CNA INSURANCE
AGENCY,

                                        Defendant.

---

**AMENDED SUMMONS WITH NOTICE**

---

**ATTORNEYS FOR PLAINTIFF**
**Marzec Law Firm, P.C.**
**225 Broadway, Suite 3000**
**New York, NY 10007**
**212-267-0200**

---

**CERTIFICATION**

Pursuant to Section 130-1.1, the following documents are hereby certified:

                                        **MARZEC LAW FIRM, PC**

                                        By: _____
                                        Darius A. Marzec, Esq.
                                        Attorneys for Plaintiffs
                                        776A Manhattan Avenue
                                        Brooklyn, New York, 11222
                                        (718) 609-0303